IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:11cr191-MHT |
| CEDRIN FARODD CARTER and | ) | (WO) |
| JEFFERY NOLAN BENNETT | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue, filed by defendant Jeffery Nolan Bennett on May 21, 2012. The trial of defendants Bennett and Cedrin Farodd Carter is currently set for June 4, 2012. For the reasons set forth below, the court finds that the trial for both defendants should be continued until July 30, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, see United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act. The Act provides, in part, as follows:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).  Furthermore, the Act excludes "A reasonable period of delay when the defendant is joined for trial with a codefendant as to

whom the time for trial has not run and no motion for severance has been granted." Id. § 3161(h)(6).

This court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and defendants Bennett and Carter in a speedy trial.  This is a complex case involving numerous documents and scores of recorded telephone conversations. Defense counsel for Bennett, however, was only recently appointed and there is simply no way for him to prepare this case adequately for trial in the two weeks remaining between now and June 4, 2012.  A continuance is therefore necessary to ensure that Bennett receives an adequate defense at trial.  Neither co-defendant Carter nor the government objects to granting such a continuance, and the court finds that the need for adequate representation in this case outweighs any interest in a speedy trial.

***

Accordingly, it is ORDERED that:

**(1)** Defendant Jeffery Nolan Bennett's motion to continue (doc. no. 284) is granted.

**(2)** The trial and jury selection for both defendants Bennett and Cedrin Farodd Carter are continued to July 30, 2012, at 10:00 a.m. at the federal courthouse in Montgomery, Alabama.

DONE, this the 23rd day of May, 2012.

                                    /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**